UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE D. ADAMS, III,

Plaintiff,

v. Case No. 26-cv-1069-pp

SCOTT HANSON, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Jesse D. Adams, III, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 11, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $10.87. Dkt. No. 9. The court received that fee on September 14, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues Correctional Officer Scott Hanson, Captain Jay Van Lanen and Correctional Officer John Doe. Dkt. No. 1 at 1. The plaintiff alleges that on January 27, 2025, Officer Adam Whiting (not a defendant) opened the food port at the plaintiff's cell and told the plaintiff that he was taking him to the health services unit (HSU) to be searched. Id. at ¶8. When the plaintiff arrived at the HSU, Van Lanen allegedly directed Hanson and an unknown officer to strip search the plaintiff. Id. at ¶9. The plaintiff states that during the strip search, Hanson said to Officer Doe, "I'm gonna spray him," and then he said, "You want to sue me, sue me for this." Id. at ¶10. Hanson then allegedly

pepper-sprayed the plaintiff. Id. The plaintiff states that he believes Hanson made this remark "because of being named in a previous lawsuit, which was ultimately dismissed." Id. The plaintiff states that he was not ordered to stop doing anything, nor did Hanson mention drugs, weapons or contraband before spraying him. Id. at ¶11. He also states that no drugs, weapons or contraband were found on him. Id. The plaintiff alleges that Officer Doe did notthing to stop Hanson from spraying him. Id. at ¶12.

The plaintiff alleges that during his decontamination shower, Van Lanen said that he was going to place the plaintiff on "control status" and "wait for those drugs to open in [the plaintiff's] stomach." Id. at ¶14. The plaintiff allegedly was placed on control status for about twenty-four hours. Id. at ¶15.

The plaintiff claims that the defendants pepper-sprayed him without provocation in violation of his rights under the Eighth Amendment. Id. at ¶17. He also claims that Van Lanen's comment about putting the plaintiff on control status violated his constitutional rights. Id. at ¶18. The plaintiff asserts that he suffered physical pain and injury, emotional distress and psychological trauma from the defendants' actions. Id. at ¶19. For relief, he seeks compensatory and punitive damages. Id. at 4-5.

C. Analysis

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on incarcerated individuals. Hudson v. McMillian, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-

faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Factors for courts to consider in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). The plaintiff may proceed on an excessive force claim against Hanson based on allegations that Hanson pepper-sprayed him without provocation during the strip search. The plaintiff may proceed on an Eighth Amendment claim against Officer Doe for failing to intervene in the force.

The plaintiff also alleges that Van Lanen violated his rights when he said that he would place the plaintiff on control status and wait for the drugs to open in his stomach. The plaintiff appears to have denied having taking any drugs and after Van Lanen's comment, he spent about twenty-four hours on control status. Van Lanen's alleged comment, while unprofessional, does not amount to a constitutional violation. See Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015) (most verbal harassment by prison guards does not rise to the level of cruel and unusual punishment); but see Hughes v. Farris, 809 F.3d 330 (7th Cir. 2015) (threats to incarcerated individual of grave violence can constitute cruel and unusual punishment); Lisle v. Welborn, 933 F.3d 705, 708 (7th Cir. 2019) (nurse who allegedly taunted and encouraged suicidal incarcerated individual in the midst of a mental health crisis made statements that went

beyond "simple verbal harassment"). The court will dismiss defendant Van Lanen.

After Hanson files a responsive pleading to the complaint, the court will issue a scheduling order and explain to the plaintiff will how to use discovery to identify the real name of the John Doe defendant.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DISMISSES** defendant Jay Van Lanen.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Scott Hanson. Under the informal service agreement, the court **ORDERS** defendant Hanson to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$339.13** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 6th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**